PEOPLE v RANSOM

1. STATUTES—IN PARI MATERIA—CONSTRUCTION.

Statutes *in pari materia* are read together as components of one consistent constitutional system, and if inconsistencies can be reconciled by a reasonable construction and a purpose found to be served by each, both must stand and be given effect.

2. ESCAPE—STATE PRISON—DETROIT HOUSE OF CORRECTION—STATUTES.

All persons convicted of crimes punishable in state prison are subject to the statute providing for punishment for escape from state prison; therefore, an escaped convict who had been convicted of a crime punishable in state prison and who had been incarcerated in the Detroit House of Correction rather than the state prison because she was a female was properly convicted under the state prison escape statute rather than the Detroit House of Correction escape statute (MCLA 750.193, 750.194, 802.55).

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 June 24, 1974, at Detroit. (Docket No. 17742.) Decided August 13, 1974.

Shirley A. Ransom was convicted of escaping prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Ronald Weitzman,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 187–190.
[2] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 26.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. The defendant was originally convicted in Muskegon Circuit Court of forgery and uttering and publishing. MCLA 750.248; MSA 28.445; MCLA 750.249; MSA 28.446. She received a sentence of 4 to 14 years. Because she was a female she was sentenced to Detroit House of Correction (Dehoco) as required by statute. MCLA 802.51; MSA 28.1841.

She entered Dehoco on May 27, 1970. Without being lawfully released she disappeared therefrom on July 10, .1972 and was later taken into custody in California. She was charged with and convicted of escaping prison contrary to the provisions of MCLA 750.193; MSA 28.390 and received a one- to five-year sentence. It is from this conviction that she appeals.

It is her claim that Dehoco is not a prison within the meaning of the statute under which she was convicted and that she should have been charged, if at all, under MCLA 750.194; MSA 28.391 which provides a different penalty for escapees who have been lawfully committed to Dehoco.

The statute under which she was convicted contains a definition of prison which does not, by its own terms, include Dehoco.

Another statute, however, provides:

"All laws now in force, applicable to persons confined in the state prison, shall be and are hereby made applicable to all persons who are, or hereafter shall be confined in said house of correction, who have been transferred to said house from the state prison, or who shall be sentenced to confinement in said house, on conviction of any offense punishable by confinement in the state prison." MCLA 802.55; MSA 28.1845.

* Circuit judge, sitting on the Court of Appeals by assignment.

In *People v Reese,* 363 Mich 329; 109 NW2d 868 (1961), the Supreme Court reversed the trial court's decision to quash an information charging violation of MCLA 750.193; MSA 28.390 following an escape from Dehoco. In *Reese,* the escapee had been transferred to Dehoco from the State Prison of Southern Michigan at Jackson, so the question of its applicability to a female sentenced to Dehoco on a felony conviction was not raised.

A prime canon of statutory construction is to read statutes *in pari materia* together as components of one consistent constitutional system. If inconsistencies can be reconciled by a reasonable construction and a purpose found to be served by each, both must stand and be given effect. *Browning v Michigan Dept of Corrections,* 385 Mich 179; 188 NW2d 552 (1971); 2A Sutherland, Statutes and Statutory Construction (4th ed), § 51.03, pp 298–313.

We find an intentional distinction between categories of prisoners, which emerges as a function of the crime for which they stand convicted. All persons convicted of crimes punishable in state prison, and only those persons, come under MCLA 750.193; MSA 28.390 if they escape or attempt to escape from Dehoco. Everyone else lawfully committed to Dehoco is controlled by MCLA 750.194; MSA 28.391. In this respect men and women are treated under the law alike.

We affirm.

All concurred.