PEOPLE v JONES

Docket No. 79845. Submitted March 14, 1985, at Lansing.—Decided
    May 8, 1985.

Defendant, Virgil L. Jones, allegedly gave a false or fictitious
    name to a police officer, and was subsequently charged with
    obstruction by disguise. Defendant brought a motion to dismiss
    on the grounds that such conduct did not come within the
    purview of the statute regarding obstruction by disguise. The
    district court granted defendant's motion and dismissed the
    charge. The prosecutor appealed to the Saginaw Circuit Court,
    which reversed the decision of the district court, reinstated the
    charge against defendant and remanded the case back to the
    district court for trial, Fred J. Borchard, J. Defendant appeals
    by leave granted. *Held:*

    1. Interpretation of the statute regarding obstruction by
    disguise to include the giving of a false or fictitious name
    violates the principles regarding the strict construction of penal
    statutes. The word "disguise" as used in the statute is ambigu-
    ous and it is not clear whether giving a false or fictitious name
    constitutes a disguise within the meaning of the statute. Apply-
    ing the principle of strict construction of penal statutes, the
    doubt as to whether defendant's actions are criminal should be
    resolved in his favor and the actions should not be found
    criminal.

    2. The circuit court's decision is reversed and the district
    court's decision that the charges against defendant be dismissed
    is reinstated.

        Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 57 Am Jur 2d, Name § 22 *et seq.*
    58 Am Jur 2d, Obstructing Justice § 10 *et seq.*
[1] What constitutes obstructing or resisting an officer, in the absence
    of actual force. 44 ALR3d 1018.
[2, 3] 73 Am Jur 2d, Statutes § 12.
[2, 4, 5] 73 Am Jur 2d, Statutes § 142 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 261, 274-277, 346.
[4] 73 Am Jur 2d, Statutes §§ 299-306.

1. CRIMINAL LAW — FALSE NAMES — OBSTRUCTION BY DISGUISE.

The giving of a false or fictitious name to a police officer does not constitute obstruction by disguise under the statute regarding disguising with intent to obstruct law or intimidate an officer (MCL 750.217; MSA 28.414).

2. STATUTES — CRIMINAL LAW — JUDICIAL CONSTRUCTION.

The rule of ordinary usage and common sense must be applied in interpreting a penal statute.

3. STATUTES — CRIMINAL LAW — STRICT CONSTRUCTION — STATUTORY PROHIBITION — OFFENSES — JUDICIAL INFRINGEMENT — LEGISLATIVE FUNCTION — VAGUE LAWS.

The rule that criminal statutes must be strictly construed is used to determine what actions come within the scope of a statutory prohibition; it requires that doubtful conduct be found not criminal, reflects the idea that the Legislature must define criminal offenses, works to avoid judicial infringement of that legislative function and serves to guard against the dangers of arbitrary and discriminatory application of otherwise vague laws.

4. STATUTES — CRIMINAL LAW — JUDICIAL CONSTRUCTION.

Courts, in interpreting penal statutes, require clarity and explicitness in the defining of the crime and the classification of acts which may constitute the crime; a penal statute should be so clear that any ordinary person can tell what he may or may not do thereunder.

5. STATUTES — CRIMINAL LAW — JUDICIAL CONSTRUCTION.

Criminal statutes cannot be construed so as to extend to cases not included within the clear and obvious import of their language; doubt as to whether the act charged is embraced in a statute's prohibition is to be resolved in favor of the defendant.

6. WORDS AND PHRASES — "DISGUISE".

The plain meaning and ordinary usage of the term "disguise" includes the element of physical concealment; to the ordinary person, the term is defined as a false appearance or the physical misrepresentation of one's identity; the common-sense interpretation of the word precludes inclusion of verbal deception within its definition.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Robert L. Kaczmarek*, Prosecuting Attorney, and *Bernard J. Coppolino*, Assistant Attorney, for the people.

*John H. van Benschoten,* for defendant on appeal.

Before: SHEPHERD, P.J., and V. J. BRENNAN and C. JOBES,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the circuit court reinstating the charge against him and remanding the case back to district court for the defendant to stand trial as charged.

On December 12, 1982, defendant allegedly gave a false or fictitious name to a police officer and was subsequently charged with obstruction by disguise under MCL 750.217; MSA 28.414. Defendant brought a motion to dismiss on the grounds that such conduct, even if proven, did not come within the purview of the statute. The district court granted defendant's motion and dismissed the charge against him.

The prosecution appealed from the decision of the district court to the circuit court. The circuit court reversed the decision of the district court, reinstating the charge against defendant and remanding the case back to the district court for trial.

Defendant, thereafter, made a timely application for leave to appeal to the Court of Appeals and the application was granted on September 24, 1984.

The issue for our consideration is whether the giving of a false name to a police officer constitutes obstruction by disguise under MCL 750.217; MSA 28.414.

MCL 750.217; MSA 28.414 states as follows:

"Sec. 217. Any person who shall in any manner disguise himself, with intent to obstruct the due execution of the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

law, or with intent to intimidate, hinder or interrupt any officer or any other person, in the legal performance of his duty, or the exercise of his rights under the constitution and laws of this state, whether such intent be effected or not, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than one year or by fine of not more than five hundred dollars."

In interpreting a statute, the rule of ordinary usage and common sense must be applied. *People v Mankel,* 373 Mich 509, 512; 129 NW2d 894 (1964).

In *People v Willie Johnson,* 75 Mich App 221, 224-225; 255 NW2d 207 (1977), *aff'd* 406 Mich 320; 279 NW2d 534 (1979), the Court of Appeals summarized the applicable rules of statutory construction to be used in construing a penal statute. The Court stated that criminal statutes must be strictly construed, and that the rule is most often employed in determining what actions come within the scope of a statutory prohibition. *Johnson,* pp 224-225. The principle requires that doubtful conduct be found not criminal, and in large part the principle is based upon the idea of notice. *Johnson,* p 225. However, this rule of strict construction of penal or criminal statutes also reflects the idea that it is the job of the Legislature to define criminal offenses. *Johnson,* p 225. Restraint by the courts in interpreting criminal statutes works to avoid judicial infringement of that legislative function. *Id.* Strict construction also serves to guard against the dangers of arbitrary and discriminatory application of otherwise vague legislative pronouncements. *Id.*

In interpreting penal statutes, courts will require clarity and explicitness in the defining of the crime and the classification of acts which may constitute it. *People v Reese,* 363 Mich 329, 335;

109 NW2d 868 (1961). The reasoning behind this rule is that a penal statute should be so clear that any ordinary person can tell what he may or may not do thereunder. *Id.*

It is a fundamental rule of construction of criminal statutes that they cannot be extended to cases not included within the clear and obvious import of their language. *People v Ellis,* 204 Mich 157, 161; 169 NW 930 (1918). If there is doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the defendant. *Id.*

In the present case, the issue very simply is whether defendant's giving of a false or fictitious name to a police officer constitutes obstruction by disguise under MCL 750.217.

The plain meaning and ordinary usage of "disguise" includes the element of *physical* concealment. To the ordinary person, "disguise" is defined as a false appearance or the physical misrepresentation of one's identity. The common-sense interpretation of the word "disguise" precludes inclusion of verbal deception.

Interpretation of MCL 750.217 to include the giving of a false or fictitious name violates the principles regarding the strict construction of penal statutes. Criminal statutes must be strictly construed, and doubtful conduct should be found not criminal. Where there is doubt as to whether conduct or actions fall within the purview of the statute, the matter should be resolved in favor of the defendant.

In the present case, "disguise" admits of more than one meaning. The word as used in the statute is ambiguous, and it is not clear whether giving a false or fictitious name constitutes a disguise within the meaning of the statute. Applying the principle of strict construction of penal statutes,

the doubt as to whether defendant's actions are criminal should be resolved in his favor and the actions should be found not criminal.

The district judge's opinion was very thorough. We, therefore, reverse the circuit court's decision and reinstate the district court's decision that the charges against defendant be dismissed.

Reversed. We retain no further jurisdiction.