655 N.W.2d 229 (2003)
Gary TREPANIER, Plaintiff-Appellee,
v.
NATIONAL AMUSEMENTS, INC., Defendant-Appellant.
Docket No. 121415, COA No. 224262.
Supreme Court of Michigan.
January 15, 2003.
On order of the Court, the application for leave to appeal from the April 5, 2002 decision of the Court of Appeals is considered, and it is DENIED because we are not persuaded that the question presented should now be reviewed by this Court. We note that the Court of Appeals application of a remedial preferential rule was unnecessary to its decision, because the court concluded that the plain language of the statute is unambiguous. Crowe v. City of Detroit, 465 Mich. 1, 13, 631 N.W.2d 293 (2001).
MARKMAN, J., concurs and states as follows:
I concur in the Court's decision to deny leave to appeal because I agree with the Court of Appeals that "protected activity" under the Whistleblowers' Protection Act, M.C.L. § 15.362, need not, by the plain language of the act, be connected with the workplace or with the employer's business. Cf. Dolan v. Continental Airlines, 454 Mich. 373, 382, 563 N.W.2d 23 (1997). Nonetheless, I note that the legislative analysis accompanying one House's passage of this act, id. at 381, 563 N.W.2d 23, asserted that the WPA was intended to protect employees who alert the public to "corruption or criminally irresponsible behavior in the conduct of government or large businesses." Plainly, this did not occur here; rather, the "whistleblowing" concerned a personal protection order arising out of plaintiff's private life. However, to the extent that this legislative analysis is inconsistent with the language of the law, it cannot prevail. If the WPA is to be limited in the manner suggested in the legislative analysis, such limitation must be set forth in the law.
WEAVER and MARILYN J. KELLY, JJ., would deny leave to appeal without the additional discussion based on Crowe v. City of Detroit, supra.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.