655 N.W.2d 229 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Gregory JACKSON, Defendant-Appellee.
Docket No. 122187, COA No. 242418.
Supreme Court of Michigan.
January 15, 2003.
On order of the Court, the application for leave to appeal from the August 1, 2002 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted to consider the issues whether the obstruction by disguise statute, M.C.L. § 750.217 applies only to physical disguise and *230 whether providing a false or fictitious name to a police officer is conduct that comes within the purview of the statute.
CORRIGAN, C.J., concurs and states as follows:
I join the order remanding this case to the Court of Appeals for consideration as on leave granted. This case requires interpretation of Michigan's obstruction by disguise statute, M.C.L. § 750.217. In People v. Jones, 142 Mich.App. 819, 371 N.W.2d 459 (1985), the Court of Appeals limited the application of the statute to physical disguises. The Court of Appeals on remand should determine whether the Jones Court properly construed the statute.[1]
Defendant lied about his name to the police, leading to the wrongful arrest of another person. Defendant was charged with obstruction by disguise, M.C.L. § 750.217. The magistrate followed Jones and dismissed the charge because defendant did not wear a physical disguise. The circuit court affirmed the dismissal, but criticized the decision in Jones. The Court of Appeals denied leave to appeal.[2] The prosecutor now seeks leave to appeal to this Court.
M.C.L. § 750.217 states:
Any person who shall in any manner disguise himself, with intent to obstruct the due execution of the law, or with intent to intimidate, hinder or interrupt any officer or any other person, in the legal performance of his duty, or the exercise of his rights under the constitution and laws of this state, whether such intent be effected or not, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year or by fine of not more than 500 dollars. [Emphasis added.]
In Jones, supra at 823, 371 N.W.2d 459, the Court of Appeals stated: "Interpretation of M.C.L. § 750.217 to include the giving of a false or fictitious name violates the principles regarding the strict construction of penal statutes." The Court continued:
In the present case, "disguise" admits of more than one meaning. The word as used in the statute is ambiguous, and it is not clear whether giving a false or fictitious name constitutes a disguise within the meaning of the statute. Applying the principle of strict construction of penal statutes, the doubt as to whether defendant's actions are criminal should be resolved in his favor and the actions should be found not criminal. [Jones, supra at 823-824, 371 N.W.2d 459.]
Our dissenting colleague agrees with the Jones Court that the statutory text is ambiguous. She invokes the dice-loading rule[3] that unclear penal statutes are construed strictly.
The Jones Court's analysis requires scrutiny. A word is not rendered ambiguous merely because a dictionary defines it in a variety of ways. Koontz v. Ameritech Services, Inc., 466 Mich. 304, 317, 645 N.W.2d 34 (2002). The prosecutor argues that the dictionary definition of "disguise" encompasses lying about one's identity. The prosecutor also notes that the statute refers to a person who disguises himself *231 "in any manner." (Emphasis added.) If the statutory text is clear, the preferential rule favoring strict construction of unclear penal statutes does not apply.[4]
Moreover, the Legislature has prescribed the appropriate mode of construing penal states. M.C.L. § 750.2 states:
The rule that a penal statute is to be strictly construed shall not apply to this act or any of the provisions thereof. All provisions of this act shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law.
The Court of Appeals should consider the effect of M.C.L. § 750.2 when interpreting M.C.L. § 750.217.
MARILYN J. KELLY, J., dissents and states as follows:
I would affirm the judgment of the Court of Appeals and oppose a remand because I believe that People v. Jones[1] was not wrongly decided.
The issue in this case is the same as in Jones: whether the defendant's giving of a false name to a police officer constitutes obstruction by disguise under M.C.L. § 750.217. In Jones, Judges Shepherd, Brennan, and Jobes applied the principle of strict construction. They did so because our courts have long reasoned that criminal statutes must be strictly construed. "The principle requires that doubtful conduct be found not criminal...." Jones, supra at 822, 371 N.W.2d 459. It is based on the belief that an ordinary person should be able to tell what he may or may not do under the law. In addition, restraint by the courts works to avoid judicial infringement on the Legislature, whose job it is to define criminal offenses.
Chief Justice Corrigan argues that the term "disguise" is not ambiguous. Like the Jones Court, I believe that the mere fact that it is capable of being understood in more than one way qualifies it as ambiguous.
She points out also that the Legislature directed at M.C.L. § 750.2 that the rule of strict construction of penal statutes not apply to the Michigan Penal Code. This raises an interesting question of the authority of the Legislature to dictate to this Court rules of statutory construction. However, it is not essential to resolve the issue here because M.C.L. § 750.2 also states that all provisions of the act should be construed "according to the fair import of their terms, to promote justice and to effect the objects of the law." That is precisely what Jones did.
The Jones Court explained that, "[t]o the ordinary person, `disguise' is defined as a false appearance or the physical misrepresentation of one's identity. The common-sense interpretation of the word `disguise' precludes inclusion of verbal deception." Jones, supra at 823, 371 N.W.2d 459.
It is not clear that the Legislature meant that this law should punish giving a false name to a police officer. Therefore, the principle of strict construction of penal statutes requires that the doubt regarding whether defendant's actions are criminal be resolved in defendant's favor and his action be found not criminal. Also, the fair import of the term "disguise" does not extend to "disguising" one's name. For these reasons, overturning Jones will represent *232 a serious departure from both this Court's long-established and fundamental principle of judicial restraint and from the plainest meaning of the statute.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.
NOTES
[1] The Court of Appeals is not bound to follow Jones because it was decided before November 1, 1990. MCR 7.215(I)(1).
[2] Unpublished order, entered August 1, 2002 (Docket No. 242418).
[3] United States Supreme Court Justice Antonin Scalia discusses preferential or dice-loading rules of interpretation in A Matter of Interpretation: Federal Courts and the Law (Princeton, NJ; 1997), pp. 25-27.
[4] I thus question our dissenting colleague's assertion that overruling Jones would "represent a serious departure from" the rule that unclear penal statutes are construed strictly. A court does not depart from or violate a rule by merely determining whether the rule applies in a given case.
[1] 142 Mich.App. 819, 371 N.W.2d 459 (1985).