PEOPLE v JACKSON

Docket No. 245972. Submitted April 16, 2004, at Grand Rapids. Decided July 6, 2004, at 9:00 A.M.

Gregory D. Jackson, charged in the 58th District Court with obstruction by disguise after he gave a false name to police officers during a traffic stop, moved to dismiss the charge. The court, Richard J. Kloote, J., granted the motion on the basis of *People v Jones,* 142 Mich App 819 (1985), which held that the giving of a false name to a police officer does not constitute obstruction by disguise. The Ottawa Circuit Court, Calvin L. Bosman, J., affirmed on appeal. The Court of Appeals denied leave to appeal. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals as on leave granted to consider whether obstruction by disguise applies only to physical disguise and whether providing a false or fictitious name to a police officer was conduct within the purview of MCL 750.217. 467 Mich 939 (2003).

The Court of Appeals *held:*

The term "disguise," as used in MCL 750.217, means physical concealment. The giving of a false name to a police officer does not constitute obstruction by disguise.

Affirmed.

CRIMINAL LAW — OBSTRUCTION BY DISGUISE — PHYSICAL CONCEALMENT.

Obstruction by disguise requires physical concealment or physical misrepresentation of one's identity; the giving of a false name to a police officer does not constitute obstruction by disguise (MCL 750.217).

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *Ronald J. Frantz,* Prosecuting Attorney, and *Jon H. Hulsing,* Assistant Prosecuting Attorney, for the people.

*Joseph C. Legatz* for the defendant on appeal.

Before: White, P.J., and Markey and Owens, JJ.

Per Curiam. The prosecutor appeals by leave granted the trial court's order dismissing a charge of obstruction by disguise. MCL 750.217. Defendant was charged with violating this statute when he gave a false name to a police officer who stopped him for speeding. The trial court dismissed the charge on the basis of our decision in *People v Jones*, 142 Mich App 819, 823-824; 371 NW2d 459 (1985). Because we agree with this Court's previous interpretation of the statute in *Jones* that the word "disguise" refers to a defendant's physical disguise of his person, we affirm.

On November 14, 1999, the state police stopped a vehicle for speeding. The driver had no identification, but he told the police he was "Frederick Darrell Jackson." A record check indicated that Frederick Darrell Jackson's driver's license was suspended, so the driver was taken into custody. The driver was apparently cited for driving while his license was suspended, given an appearance date, and released; he subsequently failed to appear. On April 28, 2000, the real Frederick Darrell Jackson was arrested for failure to appear on the charge of driving while his license was suspended. Jackson informed the police that his brother, defendant, had used his name during the November 14 traffic stop. The police verified this information and determined that defendant had given them a false name when he was stopped.

Defendant was then arrested and initially charged with resisting and obstructing a police officer, MCL 750.479, but the prosecutor subsequently acknowledged that this charge was inappropriate and therefore amended the charged offense to obstruction by dis-

guise.[1] MCL 750.217. Defendant moved to dismiss this charge on the authority of *Jones*. The district court agreed and dismissed the charge. The prosecutor appealed to the circuit court and that court, although questioning this Court's reasoning in *Jones*, likewise found it controlling and affirmed the decision of the district court.

The prosecutor appealed to this Court, but we denied his application for leave to appeal because the grounds presented lacked merit. The prosecutor then appealed to the Michigan Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to this Court as on leave granted and directed us "to consider the issues whether the obstruction by disguise statute, MCL 750.217[,] applies only to physical disguise and whether providing a false or fictitious name to a police officer is conduct that comes within the purview of the statute." 467 Mich 939 (2003)[2]

This case presents an issue of statutory interpretation that we review de novo in order "to discern and give effect to the Legislature's intent." *People v Morey,* 461 Mich 325, 329-330; 603 NW2d 250 (1999), citing *Murphy v Michigan Bell Tel Co,* 447 Mich 93, 98; 523 NW2d 310 (1994). *Morey, supra* at 330, further states:

> We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and

---

[1] The prosecutor also charged defendant with violating MCL 257.324, a provision of the Michigan Vehicle Code prohibiting the giving of a false name to a police officer. When the district court granted defendant's motion to dismiss the MCL 750.217 charge, the prosecutor moved to have the MCL 257.324 charge dismissed without prejudice and the district court granted this motion.

[2] Chief Justice CORRIGAN wrote separately to state her views on the issues before this Court on remand, and Justices KELLY and CAVANAGH dissented from the order remanding the case to this Court.

the statute must be enforced as written. *Tryc v Michigan Veterans' Facility,* 451 Mich 129, 135; 545 NW2d 642 (1996). We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent. *Turner v Auto Club Ins Ass'n,* 448 Mich 22, 27; 528 NW2d 681 (1995); *Luttrell v Dep't of Corrections,* 421 Mich 93; 365 NW2d 74 (1984).

We must therefore examine the statutory language of MCL 750.217 and attempt to discern the Legislature's intent from the ordinary meaning of the words used. MCL 750.217 provided, at the time of the events in this case:[3]

> Any person who shall in any manner disguise himself, with intent to obstruct the due execution of the law, or with intent to intimidate, hinder or interrupt any officer or any other person, in the legal performance of his duty, or the exercise of his rights under the constitution and laws of this state, whether such intent be effected or not, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year or by fine of not more than 500 dollars.

We agree with the district and circuit courts that the facts of this case are virtually identical to those in *Jones.* In that case, the defendant "allegedly gave a false or fictitious name to a police officer and was subsequently charged with obstruction by disguise under MCL 750.217." *Jones, supra* at 821. This Court first explained that statutes must be interpreted under "the rule of ordinary usage and common sense." *Id.* at 822. This Court then observed that penal statutes must be strictly construed so that "any ordinary person can tell

---

[3] The statute was subsequently amended to render it gender neutral and to increase the fine from $500 to $1,000. 2002 PA 672, effective March 31, 2003.

what he may or may not do thereunder." *Id.* at 823. Applying these rules of construction, this Court concluded:

> The plain meaning and ordinary usage of "disguise" includes the element of *physical* concealment. To the ordinary person, "disguise" is defined as a false appearance or the physical misrepresentation of one's identity. The common-sense interpretation of the word "disguise" precludes inclusion of verbal deception. [*Jones, supra* at 823 (emphasis in original).][4]

We agree with the conclusion of the *Jones* Court. In so agreeing, we recognize that *Jones* found the meaning of "disguise" ambiguous because it admits of more than

---

[4] The *Jones* Court continued:

> Interpretation of MCL 750.217 to include the giving of a false or fictitious name violates the principles regarding the strict construction of penal statutes. Criminal statutes must be strictly construed, and doubtful conduct should be found not criminal. Where there is doubt as to whether conduct or actions fall within the purview of the statute, the matter should be resolved in favor of the defendant.
>
> In the present case, "disguise" admits of more than one meaning. The word as used in the statute is ambiguous, and it is not clear whether giving a false or fictitious name constitutes a disguise within the meaning of the statute. Applying the principle of strict construction of penal statutes, the doubt as to whether defendant's actions are criminal should be resolved in his favor and the actions should be found not criminal. [*Id.* at 823-824.]

We note that the *Jones* Court applied the rule that penal statutes are to be strictly construed and that the Legislature, MCL 750.2, our Supreme Court, *People v Morris,* 450 Mich 316, 327; 537 NW2d 842 (1995), and this Court, *People v Brown,* 249 Mich App 382, 385; 642 NW2d 382 (2002), have clarified that this rule does not apply to our penal code. Instead, "[a]ll provisions of this act shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2. In our view, the *Jones* Court's interpretation of MCL 750.217 to restrict the meaning of "disguise" to physical disguises is consistent with the fair import of the statutory language.

one meaning, and then it applied the principle that penal statutes should be strictly construed, the doubt about whether a defendant's actions are criminal being resolved in his favor.

As noted (see n 4), this rule of strict construction is no longer applicable. Rather, "[a]ll provisions of [the penal code] shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2; *Morris, supra*; *Brown, supra*. We thus examine the word "disguise" for its fair import, i.e., its fair meaning.

We agree with the *Jones* Court that the plain meaning and ordinary usage of "disguise" includes the element of physical concealment. The *Jones* Court found the word ambiguous, but as observed by Chief Justice CORRIGAN in her concurrence with the instant remand, a word is not rendered ambiguous merely because a dictionary defines it in a variety of ways. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 317; 645 NW2d 34 (2002). By the same token, where a word is consistently defined as having a particular import, the inclusion in a dictionary of an extended meaning of that word does not automatically mean that that meaning is included in the fair import.

The *Random House Dictionary of the English Language, Second Edition, Unabridged* defines "disguise" as: "1. to change the appearance or guise of so as to conceal identity or mislead, as by means of deceptive garb: *The king was disguised as a peasant.* 2. to conceal or cover up the truth or actual character of by counterfeit form or appearance; misrepresent: *to disguise one's intentions. . . .*" (Emphasis in original.) Ballentine's Law Dictionary (3d ed) defines the verb disguise: "To conceal identity by assuming or giving a false appearance or guise, as by wearing an unusual clothing or

dress." The word "disguise" is derived from the word "guise." Partridge, *Origins, A Short Etymological Dictionary of Modern English* (4th ed). "Guise" comes from the word "Vide"; "Vide" means "see" and is the source of words such as view, envisage, visibility visualize, and many others.

*The Random House Dictionary of the English Language, Second Edition, Unabridged* defines "guise" as: "1. general external appearance; aspect; semblance: *an old principle in a new guise.* 2. assumed appearance or mere semblance: *under the guise of friendship* 3. style of dress." (Emphasis in original.)

To be sure, the dictionary definitions include the concept of misrepresentation, or disguise of one's intentions. But the concept of misrepresentation is linked with the concept of altering one's appearance or dress, or making one's intentions, or the situation, appear to be what it is not by effecting some change in one's appearance or behavior. One can extend the definition of "disguise" to cover the giving of another person's name to the police, without reference to the common, ordinary usage of the word. But, this would not be according the word its fair import. No dictionary definition or case law suggests that giving a false name to the police is in and of itself within the fair import or meaning of "disguise."

Support for the *Jones* Court's interpretation may also be derived from decisions in Florida and Massachusetts. In *Hartley v State,* 372 So 2d 1180, 1181 (Fla App, 1979), the court construed FSA 843.03[5] to preclude conviction for obstructing justice by being a disguised

---

[5] FSA 843.03 is almost identical to MCL 750.217. It has also been amended to make it gender neutral, but at the time of the *Hartley* decision it provided:

person where the defendant gave police a false name and date of birth. Citing dictionary definitions and the definitions found in other case decisions, the Florida court held that "[t]hese definitions all contain some reference to physical concealment in dress or appearance, and do not encompass appellant's conduct of giving police a false name and birth date." *Id.* at 1182. See also *Leland v State,* 386 So 2d 622 (Fla App, 1980) ("a person does not commit the misdemeanor offense of obstruction by a disguised person . . . by the sole act of giving . . . a false name to a police officer upon being stopped"); *Arrison v State,* 643 So 2d 93 (Fla App, 1994) ("The mere act of changing one's shirt, absent other facts or circumstances, does not amount to wearing a disguise, and does not constitute a violation of Section 843.03, because it does not change one's overall general appearance and does not hide one's true identity.")

Similarly, in *Commonwealth v Healey,* 17 Mass App 537, 538; 460 NE2d 616 (1984), while under arrest for another charge, the defendant gave police his older brother's name. The Massachusetts court construed MGL 268.34.[6] The court acknowledged that " 'disguise'

---

Whoever in any manner disguises himself with intent to obstruct the due execution of the law, or with the intent to intimidate, hinder or interrupt any officer, beverage enforcement agent, or other person in the legal performance of his duty or the exercise of his rights under the constitution or the laws of the state, whether such intent is effected or not, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

[6] MGL 268.34 provided, in relevant part:

Whoever disguises himself with intent to obstruct the due execution of the law, or to intimidate, hinder or interrupt an officer or other person in the lawful performance of his duty, or in the exercise of his rights under the constitution or laws of the commonwealth, whether such intent is effected or not, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year . . . .

has extended usages," but concluded that "the ordinary meaning of the verb 'disguise' is reflected in the first definition given in two standard dictionaries." *Healey, supra* at 538. The initial definition given in *Webster's Third New International Dictionary* was "to change the customary dress or appearance of," while the initial definition given in *The American Heritage Dictionary* was "to modify the manner or appearance of in order to prevent recognition." *Id* at 538-539. The court concluded that "[a] person who gives a false name does not . . . 'disguise[] himself' within the ordinary lexical meaning of the term, and such conduct does not fall within the ambit of the statute." *Id.* at 539.

The Massachusetts appellate court drew further support for its conclusion from the fact that there was another statute that "specifically made it a crime to 'give a false name' to a police officer in connection with operating a motor vehicle." *Id.* at 540. The Michigan Legislature has likewise enacted a separate law that specifically provides that a person shall not

> [f]urnish to a peace officer false, forged, fictitious, or misleading verbal or written information identifying the person as another person, if the person is detained for a violation of this act or of a local ordinance substantially corresponding to a provision of this act. [MCL 257.324(1)(h).]

In fact, as we have noted, defendant was alternatively charged with this offense and the prosecutor obtained a dismissal without prejudice when the district court dismissed the MCL 750.217 charge. The prosecutor is therefore not without remedy for defendant's act of supplying a false name to the police.

We therefore reaffirm this Court's previous holding in *Jones* and answer the questions posed by our Su-

preme Court by concluding that MCL 750.217 does not apply to the conduct of providing a false or fictitious name to a police officer.

Affirmed.