Argued and submitted January 20, reversed and remanded April 18, reconsideration
denied June 15, petition for review denied July 10, 1984 (297 Or 459)

# STATE OF OREGON,
*Appellant,*

*v.*

# GARY ANDREW BEEBE,
*Respondent.*

## (MB 83-546; CA A29252)

680 P2d 11

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem.

Ronald K. Cox, Assistant Public Defender, North Bend, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The state appeals the trial court's order sustaining defendant's demurrer to a complaint charging racial intimidation.[1] ORS 166.155(1). We reverse and remand.

ORS 166.155(1) provides:

> "A person commits the crime of intimidation in the second decree if, by reason of race, color, religion or national origin of another person, the person violates ORS 164.345 or ORS 166.065." (*Amended by* Or Laws, ch 521, § 1).[2]

The complaint charged that defendant

> "[d]id unlawfully and by reason of the race of Barry Lloyd Johnson with intent to harass, annoy and alarm Barry Lloyd Johnson, subject Barry Lloyd Johnson to offensive physicial contact to-wit: throwing said Barry Lloyd Johnson to the ground."

The complaint charges conduct violative of ORS 166.065(1)(a), which proscribes harassment of this kind.[3]

■    Defendant challenged the complaint under Article I, section 20, of the Oregon Constitution, which guarantees equality of privileges and immunities, and the Fourteenth Amendment Equal Protection Clause of the United States Constitution.[4] The trial court found:

---

[1] The complaint was in three counts. Count I charged harassment. ORS 166.065(1)(a). Count III charged attempted assault in the fourth degree. ORS 161.405, 163.160. The demurrer was sustained only as to Count II charging racial intimidation. That order only is reviewed here. *See* ORS 138.060(1).

[2] ORS 166.155 as amended no longer incorporates ORS 164.345 and 166.065.

[3] ORS 166.065(1)(a) provides:

> "(1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

> "(a) Subjects another to offensive physical contact; * * *"

*Compare State v. Harrington*, 67 Or App 608, 680 P2d 666 (1984) (declaring unconstitutional ORS 166.065(1)(b) on the ground that it impermissibly interferes with free speech under the Oregon Constitution).

[4] Or Const, Art I, § 20 provides:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

US Const, Amend XIV provides:

> "* * * No state shall * * * deny to any person within its jurisdiction equal protection of the laws."

"ORS 166.155 is unconstitutional in that it denies equal protection of laws in that it gives greater protection to a victim who is assaulted because of his race, color, religion or national origin than to another person who is assaulted for some other reason."

We disagree with the trial court's assessment of the effect of the statute. The statute does not offer more protection to any class of victims. Anyone may be a victim of bigotry. It is the defendant who classifies, and he does so by his motive. The statute distinguishes between acts of harassment which are motivated by racial, ethnic or religious animus and acts of harassment which are not so motivated.

Properly focused, the question is whether the legislature may enhance the penalty for unlawful conduct if the conduct is racially motivated. The task of the legislature in drafting criminal laws is to make reasoned decisions concerning the social harm of particular conduct. The criminal laws are replete with examples of such legislative judgment. For example, the penalty for murder is enhanced when the victim is a policeman. ORS 163.095(2)(a)(A). Similarily, the gravity of some sex crimes is determined by the age and sex of the victim. *See* ORS 163.355-.445. Some crimes, like the one before us, are more heavily penalized because of a particular intent. For example, kidnapping, ORS 163.225, a Class B felony, is enhanced to a Class A felony when it is committed with the intent to compel payment of ransom, hold the victim as hostage, cause physical injury to the victim or terrorize the victim or another person. ORS 163.235(1). Our task in reviewing such legislative judgments is to determine whether the distinction made in the severity of the crime bears a rational relationship to a legitimate legislative purpose. *State v. Robinson,* 217 Or 612, 343 P2d 886 (1959); *State v. Dendurent,* 64 Or App 575, 669 P2d 361 *rev den* 296 Or 56 (1983). *State v. Elmore,* 24 Or App 651, 546 P2d 1117 (1976). The legislature may legitimately determine that the danger to society from assaultive conduct directed toward an individual because of his race, religion or national origin is greater than the danger

---

For the purpose of this case the concepts of equal protection contained in the state and federal provision may be considered to be the same. *See State v. Reynolds,* 289 Or 533, 537 n 4, 614 P2d 1158 (1980).

from such conduct under other circumstances. Assaultive behavior motivated by bigotry is directed not just at the victim but, in a sense, toward the group to which the particular victim belongs. Such confrontations therefore readily—and commonly do—escalate from individual conflicts to mass disturbances. That is a far more serious potential consequence than that associated with the usual run of assault cases. There being a rational basis for the distinction, we hold that it is constitutionally permissible to punish otherwise criminal conduct more severely when it is motivated by racial, ethnic or religious hatred than by individual animosity.

The defendant also challenges the statute as violating his right to free expression under Article I, section 8, of the Oregon Constitution. That provision forbids legislation "restraining the free expression of opinion, or restraining the right to speak, write or print freely on any subject whatever * * *." Defendant was charged with violating ORS 166.065(1)(a), which proscribes "offensive physical contact" by "throwing [the victim] to the ground." The statute as applied in this case is directed toward conduct, not speech. The trial court erred in sustaining the demurrer.

Reversed and remanded for trial.[5]

---

[5] Defendant also contends that both the intimidation statute and the harassment statute are void for vagueness. Those claims are without merit in this context.