Argued and submitted February 1, affirmed June 19, reconsideration denied
October 2, petition for review allowed November 26, 1991 (312 Or 525)

STATE OF OREGON,
*Respondent,*

*v.*

SHAWN WAYNE HENDRIX,
*Appellant.*

(C89-12-36913; CA A65065)

813 P2d 1115

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant and three codefendants were charged in the same indictment with assault in the fourth degree, ORS 163.160(1)(a), and with intimidation in the first degree. ORS 166.165(1)(a)(A). He and one codefendant waived jury trial and tried their cases to the court; the other codefendants tried their cases to a jury. All were convicted. On appeal, defendant challenges only his conviction under ORS 166.165(1)(a)(A), which is commonly referred to as the Intimidation Law. He claims that the evidence was insufficient to convict him and that ORS 166.165(1)(a)(A) is unconstitutional on its face and as applied to him in this case. We affirm.

At the conclusion of the state's case-in-chief and at the close of all of the evidence, defendant moved for a judgment of acquittal. ORS 136.445. The court denied the motions. Defendant assigns error to those rulings. In ruling on the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the state. The relevant inquiry is whether a rational trier of fact could find that all of the elements of the crime were proved beyond a reasonable doubt. *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989).

 Oregon appellate courts have not had an occasion to define the essential elements of the crime of intimidation in the first degree as the statute is currently written.[1] ORS 166.165(1)(a)(A) provides:

"Two or more persons acting together commit the crime of intimidation in the first degree, if the persons:

"(a)(A) Intentionally, knowingly, or recklessly cause physical injury to another because of their perception of that person's race, color, religion, national origin or sexual orientation."

The essential elements are: (1) two or more persons, (2) acting together, (3) who intentionally, knowingly or recklessly

---

[1] The statute, originally enacted in 1981, Or Laws 1981, ch 785, was amended in 1983 and in 1989. Or Laws 1983, ch 521; Or Laws 1989, ch 1029. *State v. Harrington,* 67 Or App 608, 680 P2d 666, *rev den* 297 Or 547 (1984), and *State v. Beebe,* 67 Or App 738, 680 P2d 11, *rev den* 297 Or 459 (1984), involved constitutional challenges to the 1981 version. Defendant's challenge is directed to the 1989 version, because the 1989 amendments became effective on October 3, 1989, and the crime for which he was prosecuted occurred in November, 1989.

cause physical injury to another, (4) when that action is motivated by their perception of the victim's race, color, religion, national origin or sexual orientation. The state must prove every element beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980).

Defendant concedes that he and his codefendants acted together and knowingly caused physical injury to the victims. The issue is whether the state proved that defendants acted with an unlawful motive. The evidence showed that defendant and his three cohorts, Plowman, Neill and Schindler, drove to a Portland store at Southeast 136th and Powell Boulevard to buy beer. Plowman brought a baseball bat and a homemade club wrapped in black plastic tape with him in the car "[i]n case [he] saw somebody who [he] didn't like or somebody who didn't like [him]." Plowman and Neill went inside the store. Defendant and Schindler walked behind the store to urinate.

Serafin and Slumano, the victims, arrived at the store in Slumano's vehicle. Serafin wanted to make a telephone call. Schindler returned to the front of the store, approached Serafin and asked him if he had any cocaine. Serafin, who speaks only a little English, said he did not have anything and started to walk away. Schindler attacked him, beating him on the head and kicking him. Neill joined Schindler in the attack. Plowman and defendant began beating Slumano, who was sitting in his car. Plowman punched Serafin; Schindler kicked him. Serafin fell to the pavement. Defendant pinned Serafin's back to the pavement and repeatedly slammed the store's metal-framed glass entry door against his head. Defendant and his three associates took turns beating Serafin and Slumano, sometimes ganging up three against one. Serafin and Slumano were unarmed and did not fight back. Serafin suffered a gash in his head and minor injuries to his chest, stomach and legs. He had blood coming from his ear and nose. The pain in his head lasted for a week. His finger was injured and interfered with his work for several weeks. Slumano suffered cuts on his lip and near his eyebrow and had blood running from his nose. His jacket was ripped. Both victims suffered swollen eyes.

During the attack, which lasted about two minutes, eyewitnesses heard Neill shout at Serafin, "Talk in English,

motherfucker." Plowman and Schindler screamed "white power" or "white pride" loud enough to be heard 50 feet away. Plowman yelled, "Knock it off with us white boys." When the store clerk told the assailants that she had called the police, Plowman became even more agitated and screamed, "They're just Mexicans" and "They're just fucking wetbacks." As defendant and the three cohorts sped away in their car, someone inside the car shouted "white power."

■■ Defendant argues that the evidence was insufficient to convict *him,* because *he* did not shout any racial epithet. In essence, defendant claims that unlawful motive may be proved *only* if the state shows that *each* defendant made a statement evincing *that* defendant's unlawful motive. The argument is not persuasive. A statement, uttered by an assailant before, during or after an attack in which physical injury is inflicted on a victim, will often provide evidence of the assailant's unlawful motive under ORS 166.165(1)(a)(A). However, an assailant's statement is not the exclusive means by which a trier of fact is permitted to determine the motive of either the assailant or one who acts together with the assailant. The legislature did not specify the type of evidence that is required to prove unlawful motive. Consequently, any competent evidence may be used.

■ Just as conduct is competent evidence from which a jury may reasonably infer intent, *State v. Montez,* 309 Or 564, 598, 789 P2d 1352 (1990), conduct is competent evidence from which a jury may reasonably infer motive. Defendant beat the victims while his cohorts made statements about their own race and about the victim's national origin; he continued to beat them after those statements were made. From that conduct, the trier of fact could reasonably infer beyond a reasonable doubt that defendant was motivated to act because of his and the group's perception of the victims' race or national origin.

■ Defendant, without citing any authority, also argues that the state must prove that one or more persons are motivated to act *solely* or *principally* because of their perception of a victim's race, color, religion, national origin or sexual orientation. We disagree. Motive is "a cause or reason that moves the will and induces action." *State v. Walker,* 244 Or 404, 411, 417 P2d 1004 (1966). *See Note,* "Racial and

Religious Intimidation: An Analysis of Oregon's 1981 Law," 18 Will L J 197, 204 (1982). In 1981, the legislature expressed the element of unlawful motive through the words "by reason of." In 1983, that language was changed to "because of." In 1989, it was changed to "because of the * * * perception of." Nothing in the progression of language chosen by the legislature quantifies the percentage of unlawful motivation necessary to constitute the crime of intimidation. On its face, the Intimidation Law creates criminal liability when unlawful motive plays any role in the proscribed conduct. The court did not err in denying the motions for judgment of acquittal.

Defendant also assigns error to the court's overruling of his demurrer. ORS 135.660. He claimed that the indictment failed to state an offense, because the Intimidation Law violated several state and federal constitutional provisions. ORS 135.630(4); *see State v. Robertson,* 293 Or 402, 405, 649 P2d 569 (1982).[2] He argues that the statute violates Article I, section 8, of the Oregon Constitution,[3] because it punishes belief and proscribes opinion or a subject of communication. We disagree. In *State v. Beebe,* 67 Or App 738, 680 P2d 11, *rev den* 297 Or 459 (1984), we rejected a free speech challenge to a subsection of the 1981 version of the Intimidation Law that prohibited "offensive physical contact."[4]

---

[2] Defendant also argues that the facts stated in the indictment do not constitute a crime, because it alleges only that he knowingly caused physical injury "because of" the victim's race and national origin and did not use the statutory language that he caused the physical injury "because of [the assailants'] perception" of the victim's race or national origin. Count 1 of the indictment alleges:

"The said defendants, on or about November 25, 1989, in the County of Multnomah, State of Oregon, did unlawfully, acting together with each other, and *because of* the race and national origin of Serafin Santiago and Slumano Augustine [*sic*], knowingly cause physical injury to Serafin Santiago and Slumano Augustine [*sic*], contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon." (Emphasis supplied.)

The state observes, correctly, that defendant did not raise that argument below and, consequently, failed to preserve it for appeal. Defendant argues that we should address the issue anyway, because it is error apparent on the face of the record. ORAP 5.45(2). We decline, because the error, if any, is not "apparent" within the meaning of ORAP 5.45(2). *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990).

[3] Article I, section 8, provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

[4] The 1981 statutory scheme was different. *Former* ORS 166.155(1) provided:

"A person commits the crime of intimidation in the second degree if, by reason of the race, color, religion or national origin of another person, the person violates ORS

The indictment charged that the defendant, by reason of the victim's race, threw him to the ground. We concluded that the statute was "directed toward conduct, not speech." 67 Or App at 742.

We reach the same conclusion with respect to the subsection of the Intimidation Law that prohibits "physical injury" at issue here. No person is subject to punishment under the Intimidation Law merely for holding or expressing opinions that are inimical to others because of their race, color, religion, national origin or sexual orientation. The focus of the statute is to forbid a result: physical injury. The fact that speech, writing or conduct may be used to prove unlawful motive does mean that the statute violates Article I, section 8. *See State v. Robertson, supra,* 293 Or at 416.

We also conclude that ORS 166.165(1)(a)(A) does not violate the First Amendment. As we explained above, the section of the Intimidation Law under which defendant was convicted proscribes the infliction of physical injury accompanied by an unlawful motive; it does not regulate belief or expression. Although some conduct, such as flag burning during a political demonstration, is "expressive" and, therefore, protected by the First Amendment, *United States v. Eichman,* \_\_\_ US \_\_\_, 110 S Ct 2404, 2409, 110 L Ed 2d 287 (1990); *Texas v. Johnson,* 491 US 397, 109 S Ct 2533, 2539, 105 L Ed 2d 342 (1989), we are aware of no case, and defendant has cited none, that holds that the act of inflicting physical injury on another, however motivated, is constitutionally protected expression. If fighting words are not worthy of First Amendment protection, *Chaplinsky v. New Hampshire,* 315 US 568, 572, 62 S Ct 766, 86 L Ed 1031 (1942), the fight itself must be equally unworthy.

Defendant also argues that the Intimidation Law is vague and consequently violates the privileges and immunities clause, Article I, section 20, and the prohibition against

---

violates ORS 164.345 or ORS 166.065."

*Former* ORS 166.065(1)(a) provided:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"(a) Subjects another to offensive physical contact."

*ex post facto* laws, Article I, section 21, of the Oregon Constitution. *See State v. Robertson, supra,* 293 Or at 408. A penal statute is sufficiently definite if it has such clarity that a person of common intelligence can understand from its language the conduct that is prohibited. *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969). The statute need not define an offense with such exactness that a person could determine in advance whether a specific act in all possible circumstances amounts to a violation. *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985); *State v. Cantwell,* 66 Or App 848, 853, 676 P2d 353, *rev den* 297 Or 124 (1984).

ORS 166.165(1)(a)(A) is not vague. We set out the elements of the crime in our discussion of the sufficiency of the evidence. An ordinary person could understand what conduct the statute proscribes. Defendant argues that the phrase "because of the perception of" is inherently nebulous and lacks a reasonable degree of certainty. We disagree. On its face, the language is unambiguous. The legislature intended to make the actor's motivation, not the actual status of the victim, the relevant consideration in that element of the crime.[5]

Defendant also contends that the Intimidation Law is vague, because proving that a defendant acted because of his perception of the victim's race, color, religion, national origin or sexual orientation is difficult, if not impossible. We reject defendant's presumption that a trier of fact is incapable of determining motive. Moreover, defendant's argument misses the mark. Difficulty of proof cannot make a statute vague.

We also reject defendant's vagueness challenge under the federal constitution. The Due Process Clause of the Fourteenth Amendment requires that a penal statute be sufficiently explicit to provide notice of what conduct is forbidden. *Village of Hoffman Estates v. Flipside, Hoffman*

---

[5] Floor debate in the Senate and in the House of Representatives confirms what is evident from the language of the 1989 amendment. Senator Springer said that the addition of sexual orientation to the Intimidation Law would criminalize conduct motivated by "that status alone or that perceived status." Senate Floor Debates, July 2, 1989, Tape 245, Side B. Representative Bauman said that "the inquiry is not * * * into whether the victim is a homosexual or a heterosexual. The inquiry is the motivation for the attack." House of Representatives Floor Debates, July 2, 1989, Tape 37, Side 2.

*Estates, Inc.,* 455 US 489, 498, 102 S Ct 1186, 71 L Ed 2d 362 (1982); *Lanzetta v. New Jersey,* 306 US 451, 453, 59 S Ct 618, 83 L Ed 888 (1939). ORS 166.165(1)(a)(A) provides that notice.

Affirmed.