Argued and submitted September 4, judgment vacated; remanded for resentencing
October 30, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## DEREK ANDREW MARTIN,
*Appellant.*

(89-10-35672; CA A66158)

818 P2d 1301

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for racial intimidation in the first degree. ORS 166.165. We remand for modification of the judgment and sentence.

Defendant first argues that the court erred in overruling his demurrer, made on the ground that ORS 166.165 violates the free speech guarantee of the state constitution. We have upheld the statute in the face of a similar constitutional challenge. *State v. Hendrix,* 107 Or App 734, 813 P2d 1115 (1991). The demurrer was properly overruled.

In his second assignment, defendant contends that he should have been found guilty only of intimidation in the second degree. ORS 166.155. We agree. Racial intimidation in the first degree requires that two or more persons act together, but the offense in the second degree can be committed by only one person. Defendant and Ensminger were charged and jointly tried for intimidation in the first degree. Defendant requested an instruction on the lesser included offense of intimidation in the second degree. The trial court said that, in lieu of giving that instruction, if Ensminger were acquitted of the charge, the court would sentence defendant only on the second degree offense.

Ensminger was acquitted, but the court entered a conviction for intimidation in the first degree and sentenced defendant on that charge. The state concedes, and we agree, that defendant should be convicted and sentenced only for intimidation in the second degree.

Judgment vacated; remanded for entry of judgment of conviction for intimidation in the second degree and for resentencing.