Argued and submitted May 30, reversed and remanded for new trial
September 27, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# RICARDO BRANCH,
*Appellant.*

030632717; A122905

144 P3d 1010

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Monica L. Finch, Deputy Public Defender, Office of Public Defense Services. Ricardo Branch filed the supplemental brief *pro se.*

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega,* Judges.

SCHUMAN, J.

---

* Ortega, J., *vice* Richardson, S. J.

## SCHUMAN, J.

Defendant appeals a judgment convicting him of assault in the second degree, ORS 163.175, assault in the third degree, ORS 163.165, and assault in the fourth degree, ORS 163.160. He assigns error to the trial court's refusal to give the jury a "defense of another person" instruction and to several aspects of his sentence. Because we agree that the trial court erred in refusing to give the instruction, we reverse and remand without reaching defendant's sentencing arguments.

We review the trial court's refusal to give a requested instruction for errors of law. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Legal error occurs when the court refuses to give an instruction that correctly states the law, *State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999), and is supported by evidence in the record viewed in the light most favorable to establishment of the facts necessary to require the instruction. *Carter v. Mote*, 285 Or 275, 279, 590 P2d 1214 (1979). In that light, the facts are as follows.

Defendant's convictions arose from his participation in a fight one evening outside a bar in downtown Portland. Defendant and his friend, Wesson, encountered the alleged victim, Edwards, in front of the bar. Wesson testified that Edwards is a "troublemaker" who had previously stolen Wesson's bus pass and hit him in the face. He also testified that Edwards and defendant had recently had an altercation, a fact acknowledged by Edwards as well. On the date of the alleged assault, Wesson, intending to make peace between Edwards and defendant, asked Edwards why he had earlier hit defendant. Edwards's reaction surprised him; he screamed an "aggressive-type" scream and grabbed Wesson. Wesson became afraid and hit Edwards in order to protect himself.[1] Edwards then threw Wesson to the ground and hit him repeatedly in the face, chipping one of Wesson's teeth. Wesson tried to get up, but could not do so because Edwards was stronger. Defendant, who walks with the aid of an aluminum cane, then inserted himself into the fray, hitting Edwards once on the back with the cane. At that point,

---

[1] Wesson, a codefendant, requested and received a self-defense instruction.

Edwards fell off Wesson; Wesson stood up and walked away, fearful that Edwards might continue the fight. Immediately thereafter, police intervened and defendant was arrested.

Defendant requested the following instruction:

"A person is justified in using physical force on another person to defend a third party from what he reasonably believes to be the use or imminent use of unlawful physical force. In defending, a person may only use that degree of force which he reasonably believes to be necessary."

The defense of another person instruction must be given, if requested, when any evidence permits the conclusion that (1) the defendant reasonably believed that an aggressor used or was about to use (2) unlawful physical force on another, and (3) the defendant used only the degree of force that the defendant reasonably deemed necessary to defend the victim of unlawful physical force. ORS 161.209. A defendant's subjective intent may be inferred from the evidence and circumstances surrounding the defendant's actions. *State v. Freeman*, 109 Or App 472, 820 P2d 37 (1991) (trial court erred in refusing to give a self-defense instruction where evidence of the nontestifying defendant's subjective intent could be inferred from testimony); *State v. Hendrix*, 107 Or App 734, 738, 813 P2d 1115 (1991) ("[C]onduct is competent evidence from which a jury may reasonably infer intent * * *."). An inference concerning a defendant's subjective intent is reasonable if there is a logical connection between the surrounding activity and the defendant's state of mind. *State v. McBean*, 189 Or App 235, 241, 74 P3d 1127 (2003).

In this case, the parties agree that defendant's proposed instruction correctly states the law. The disagreement concerns the adequacy of the evidence. Unlike the trial court, we conclude that the evidence was sufficient to trigger the necessity of giving the requested instruction. Based on Wesson's testimony that defendant approached the ongoing melee, and based on Edwards's testimony that defendant came to the aid of his friend Wesson, a finder of fact could infer that defendant reasonably believed that Edwards was using physical force against Wesson. A finder of fact could also infer that defendant reasonably believed that the physical force that Edwards used was unlawful: According to

Wesson's version of events, Edwards instigated the fight and was hitting Wesson hard enough to chip a tooth. Moreover, Wesson testified that Edwards had recently assaulted defendant, and that experience reasonably could have informed defendant's subjective belief that Edwards's aggression was not lawful. Finally, Wesson's testimony that defendant struck Edwards once with his aluminum cane, after which Edwards stopped hitting Wesson and Wesson was able to stand and walk away, could support the inference that defendant exerted only the force reasonably necessary to cause Edwards to stop hitting Wesson.

The state's argument focuses primarily on whether evidence in the record could indicate that defendant subjectively understood that Edwards was using unlawful force against Wesson. The state points to evidence in the record that could indicate that Wesson, rather than Edwards, was the aggressor. In that case, the state argues, Edwards could have been lawfully defending himself against Wesson. Our standard of review, however, precludes us from evaluating the events from any perspective other than the one most favorable to defendant's theory.

The state further argues that the record does not disclose which parts of the fight between Edwards and Wesson defendant saw, and, because of that, we cannot determine whether defendant acted with the requisite intent. Again, we disagree. Wesson's testimony that defendant and Wesson approached the bar together supports the inference that defendant would have heard Edwards's "aggressive-type" scream. Wesson's testimony that Edwards had previously been aggressive to defendant and that defendant approached the melee and hit Edwards with a cane, and Edwards's testimony that defendant came to Wesson's aid, support the inference that defendant saw enough of the fight to conclude that Wesson was suffering unlawful force and that defendant intended to cause Edwards to relent.

■ In sum, because the evidence and reasonable inferences allow a factfinder to decide that each element of the "defense of another person" instruction exists, the trial court erred in refusing to give the instruction. The error was not harmless.

Reversed and remanded for new trial.