No. 461　　　　　May 29, 2025　　　　　739

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS LYNN FROST, JR.,
aka Curtis Lynn Frost,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR08540, 23CR15148, 22CR56632;
A182187 (Control), A182314, A182313

Katherine E. Weber, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

In Case No. 22CR08540 and Case No. 22CR56632, remanded for resentencing; otherwise affirmed. In Case No. 23CR15148, affirmed.

**POWERS, J.**

In this consolidated criminal appeal from three judgments of conviction, defendant raises two assignments of error challenging the sufficiency of the evidence for bias crime in the first degree, ORS 166.165, and the portion of his sentences requiring him to pay per diem fees. With respect to his first assignment of error, we conclude that, because the state adduced sufficient evidence for a rational factfinder to find that defendant was motivated by bias, the trial court did not err when it denied his motion for judgment of acquittal on Count 1 of Case No. 22CR08540. Defendant told the victim that he and his "kind" do not belong in Oregon City, that the victim's "kind" are not welcome or do not belong, and that the victim should get out of town, all of which are probative of defendant's biased motive. Those statements, when viewed in context, support an inference that the assault defendant committed was motivated, at least in part, by his perception or knowledge of the victim's race, religion, or national origin, or some combination thereof. As to the second assignment, we accept the state's concession that the court erred when it imposed per diem fees that were not announced in open court on Count 4 of Case No. 22CR08540 and Count 1 of Case No. 22CR56632. Accordingly, we remand for resentencing and otherwise affirm.

In his first assignment of error, defendant contends that the trial court should have granted his motion for judgment of acquittal on bias crime in the first degree, ORS 166.165. That statute prohibits "[i]ntentionally, knowingly or recklessly caus[ing] physical injury to another person because of the person's perception of the other person's race, color, religion, gender identity, sexual orientation, disability or national origin." ORS 166.165(1)(a). Defendant argues that the evidence was insufficient to prove that bias played any role in his assault of J, a manager at a 7-Eleven who is Muslim and originally from Pakistan. Rather, he argues that the evidence shows only that his assault was motivated by his fear of J, who approached defendant with a hammer, and not by bias.

The state contends that defendant's challenge to the sufficiency of the evidence of biased motive is not preserved. We disagree. During closing arguments in defendant's bench

trial, defendant argued that the state had failed to prove that defendant caused injury to J "because of" defendant's perception of his race, color, religion, or national origin, as required by the bias crime statute, contending that in this context "because of" means that the bias is what motivated defendant's action. *See State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003) (explaining that, when a case is tried to the court, challenging the legal sufficiency of the evidence in closing argument is equivalent to moving for judgment of acquittal). Although defendant also made a legally incorrect argument concerning the interpretation of ORS 166.165—*viz.*, that it required the state to prove that bias was his sole motive—he now argues, as he did below, that the evidence compels an inference that his conduct was not motivated by bias at all, but rather that he acted in self-defense and out of fear of J.[1] Thus, the trial court had a meaningful opportunity to address the merits of his argument and "avoid error at the outset." *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024); *see also Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (describing the preservation rule and observing that it "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal"). Accordingly, we reject the state's preservation argument.

Turning to the merits of defendant's argument, in reviewing the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the state, and the relevant inquiry is whether a rational trier of fact could find that all of the elements of the crime were proved beyond a reasonable doubt. *State v. Hendrix*, 107 Or App 734, 736, 813 P2d 1115 (1991), *aff'd*, 314 Or 170, 838 P2d 566 (1992), *cert den*, 508 US 974 (1993). A person commits the crime of first-degree bias crime when the person "[i]ntentionally, knowingly or recklessly causes physical injury to another person because of the person's perception of the other person's race, color, religion, gender identity, sexual orientation, disability or national origin." ORS 166.165(1)(a). Interpreting an earlier version of the crime—intimidation in the first degree—we explained that bias need not be the

―――――――――
[1] Defendant does not assign error to the trial court's rejection of his defense of self-defense.

sole or even the principal motive for the proscribed conduct. *Hendrix*, 107 Or App at 738-39.[2] We explained that a "statement, uttered by an assailant before, during or after an attack in which physical injury is inflicted on a victim, will often provide evidence of the assailant's unlawful motive." *Id.* at 738. We reasoned that, "[j]ust as conduct is competent evidence from which a jury may reasonably infer intent, conduct is competent evidence from which a jury may reasonably infer motive." *Id.* (citation omitted).

We have reviewed the record and conclude, after applying our standard of review under which we view the evidence in the light most favorable to the state, that the evidence was legally sufficient for a rational trier of fact to find that defendant was motivated by bias. J testified that, on the morning of the incident, he followed defendant out of the store after defendant took two packs of cigarettes without paying for them. Defendant struck J and told J that he would "finish" him that day, that he does not like J because he is a brown person, and that "[y]ou guys are shit. Like, doing business here, taking our jobs. You should not be in here in Oregon City." J testified that defendant returned to the store that afternoon and demanded that J come outside, saying that "[y]ou guys are terrorists and Muslims," "[y]ou should not be here," and "you are taking my job." J testified that defendant called J an "Islamist," and that he was upset with defendant because "[h]e slurs a lot of stuff to me," including about his religion.

J went outside, holding a hammer by its head, and told defendant to leave the premises. Defendant then punched him and pushed him down to the ground, then got on J's chest and punched him while J was pinned beneath defendant's knee. A witness testified that during the altercation she heard defendant repeating "that his kind doesn't belong here" and "[y]ou don't belong in Oregon City." Another witness testified about defendant using racial slurs during the altercation, telling J to "get out of this town," and that "his kind is not welcomed here." An officer who responded to the scene testified that defendant explained to him that he told J to get out of Oregon City because bullies were not welcome there.

---

[2] *Hendrix* addressed an earlier version of the statute, which was substantially similar, but the name of the crime was "intimidation in the first degree." In 2019, the legislature renamed the crime from intimidation to bias crime in the first degree. Or Laws 2019, ch 553, § 2.

That evidence supports an inference that defendant's assault was motivated, at least in part, by his perception or knowledge of J's race, religion, or national origin (or some combination thereof). Defendant made statements directly to J that he was an Islamist and a terrorist, which expressed biased attitudes toward J based on stereotypes about his perceived race and religion. He also made repeated statements directly to J that he and his "kind" are "shit," and that they do not belong in Oregon City, should not be doing business or working there, and are taking jobs that, presumably, rightfully belong to someone not of J's race, national origin, or religion. *Cf. State v. Torres-Rivas*, 247 Or App 1, 6, 268 P3d 729 (2011) (concluding that a statement by a victim that "the Mexicans are taking all the jobs" was probative of bias, OEC 609-1, in light of other statements the victim made about Mexicans). Similarly, viewed in context, defendant's statements that J and his "kind" do not belong in Oregon City, that his "kind" are not welcome or do not belong here and that J should get out of town, are probative of defendant's biased motive. *See, e.g.*, *Austin v. Walmart, Inc.*, 340 Or App 279, 283-86, ___ P3d ___ (2025) (concluding that a cashier's question of "what they were doing in Troutdale" was, along with other evidence in the record, legally sufficient evidence to put before a jury the issue of whether the cashier denied service based on race); *Commonwealth v. Barnette,* 45 Mass App Ct 486, 491, 699 NE 2d 1230, 1234, *rev den*, 428 Mass 1107, 707 NE 2d 366 (1998) (concluding that the defendant's repetition of the phrase "damn Mexican," accompanied by his repeated demand that the victims "[g]et out of here," was sufficient to demonstrate the defendant's specific intent to put his victims in fear because of their national origin); *People v. Stevens*, 230 Mich App 502, 506, 584 NW 2d 369, 371 (1998) (observing that the defendant's use of racial slurs toward the victim and his remark that "you people shouldn't be allowed in here" was strong evidence that the defendant had specific intent to intimidate or harass the victim because of her race).[3]

---

[3] Although arising in a different context, Justice Sotomayor's observations on race and belonging illustrate the pernicious underpinnings of a slur along the lines of "you don't belong here," as if the speaker is empowered to assert—based on a perception of race or national origin—who belongs and who does not. *See Schuette v. BAMN*, 572 US 291, 381, 134 S Ct 1623, 188 L Ed 2d 613 (2014) (Sotomayor, J., dissenting) ("And race matters for reasons that really are only skin deep, that cannot be discussed any other way, and that cannot be wished

Considering defendant's comments in context, and in the light most favorable to the state, we readily conclude that defendant's statements before and during the encounter were legally sufficient for a trier of fact to find that defendant's assaultive conduct was motivated by bias. Those statements are probative of defendant's "perception of [J's] race, color, religion, *** or national origin," and his biased attitude toward J as a result of that perception. ORS 166.165(1)(a). The statements were made before and during defendant's attack on J. *Hendrix*, 107 Or App at 738. As such, the statements are probative of defendant's motive when he caused J's physical injuries, and together they are sufficient for a trier of fact to find that defendant caused physical injury to J "because of" his "perception of [J's] race, color, religion, *** or national origin." ORS 166.165(1)(a).

In his second assignment of error, defendant asserts that the trial court erred in ordering him to pay per diem fees on Count 4, third-degree theft, in Case No. 22CR08540, and Count 1, fleeing or attempting to elude a police officer, in Case No. 22CR56632, without announcing those fees during the sentencing hearing. The state concedes the error. We review for errors of law, *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012), and accept the state's concession. *State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when trial court imposed per diem fees for the first time in a written judgment); *see State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Citations omitted.)). We remand for resentencing and otherwise affirm.[4]

In Case No. 22CR08540 and Case No. 22CR56632, remanded for resentencing; otherwise affirmed. In Case No. 23CR15148, affirmed.

---

away. *** Race matters because of the slights, the snickers, the silent judgments that reinforce that most crippling of thoughts: 'I do not belong here.'").

[4] Defendant does not assign error to the judgment in Case No. 23CR15148, which was consolidated for purposes of appeal.