[No. 22360.   Department One.   September 30, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v.
C. McFARLAND, *Appellant.*[1]

*Frank B. Wiestling,* for appellant.
*Daniel T. Cross,* for respondent.

PARKER, J.—The defendants, Brown and McFarland, were, by information filed in the superior court for Grant county, jointly charged with the violation of the following provisions of § 50, chapter 309, Session Laws of 1927, p. 767, Rem. 1927 Sup., § 6362-50.

"Every person operating or driving any motor or other vehicle or riding or driving any animal upon the public highway and coming in contact with any pedestrian, vehicle or other object on such highway, shall stop and render such aid and assistance as may be required, . . .

"It shall also be the duty of such operator or driver to render to any such persons all necessary assistance, including the carrying of such person or persons to a physician or surgeon for medical or surgical treatment if such treatment is required or if such carrying

[1]Reported in 291 Pac. 719.

is requested by the person struck or any occupant of such vehicle collided with. Any person violating any of the provisions of this section is punishable by imprisonment in the state penitentiary not exceeding five years or in the county jail not exceeding one year or by fine not exceeding five thousand dollars or by both fine and imprisonment."

A trial in that court, sitting with a jury, resulted in a verdict finding Brown not guilty and finding McFarland guilty. McFarland timely moved for arrest of judgment and for judgment in his favor notwithstanding the verdict rendered by the jury against him, and, in the alternative, for a new trial. These motions were, by the court, overruled and final judgment rendered against McFarland sentencing him to pay a fine of $100, from which he has appealed to this court.

The only contention here made in behalf of McFarland which we find it necessary to notice is that the jury's verdict finding Brown not guilty necessarily establishes the innocence of McFarland. The facts controlling of this question, summarized from the evidence relied upon by the prosecution to sustain the jury's verdict finding McFarland guilty, are as follows: At the time in question, one Hansen, a young man, was driving his father's car westerly on the state highway down the hill towards Trinidad, a few miles west of Quincy. Hansen, while rounding a turn to his right in the highway, where, to his right, the bank rose almost perpendicularly to a considerable height above the highway, obstructing his view ahead for some distance, came in contact with a car driven easterly up the hill by the defendant Brown.

Both cars were considerably damaged by the contact. The Hansen car was so injured in its forward part, including its steering gear, that it was unable to proceed on its own power for some time, though it was

temporarily repaired at that place by a mechanic called from Quincy, and did eventually proceed on its own power. The Brown car was also considerably damaged, though much less than the Hansen car. Its damage did not interfere with its proceeding on its own power. It did not even come to a stop as a result of the contact, its damage being only on the left side, and being to its body, running board and fenders on that side. It passed the Hansen car at a somewhat excessive speed and so continued its course up the hill, its occupants failing to stop to render aid or assistance which might be required by the occupants of the Hansen car.

No one was personally injured in any degree whatever by the contact. The Brown car was owned by a corporation doing a real estate business in Seattle. Brown was then a trustee and the secretary and treasurer of the corporation. McFarland, who was at the time riding in the car with Brown, was then a trustee and the president of the corporation. They were, at the time, returning to Seattle from Spokane, where they had been on a business trip for the corporation. Brown was an experienced and duly licensed motor vehicle driver.

McFarland was not a licensed motor vehicle driver and had never driven a car. Brown and McFarland testified that they proceeded, after the accident, some distance up the hill to what they considered a safe stopping place, and stopped to see how their car had been damaged, and then went back, as they thought, to the turn where the accident occurred, and, not finding the Hansen car there, supposed that it had proceeded on its way without having been seriously injured. There is other evidence which, in effect, contradicts this testimony of Brown and McFarland.

We do not find in the record any evidence indicating

that McFarland gave any directions to, or sought to control, Brown in the driving or operation of the car, or that he gave any directions to, or sought to control, Brown as to stopping to render aid to the occupants of the Hansen car. There was much evidence which, we think, unnecessarily went beyond the question of the criminal responsibility of Brown and McFarland in their alleged failure to stop to render aid as might have been found necessary to the occupants of the Hansen car, into the field of inquiry as to who was responsible for the accident, which, of course, was quite a different question from that of the criminal responsibility of Brown and McFarland for not stopping to render aid, if necessary, to the occupants of the Hansen car. This may account for what seems to us to be the inconsistent verdicts of the jury in finding Brown not guilty and McFarland guilty.

We are of the opinion that McFarland is entitled to judgment of dismissal in his favor, notwithstanding the verdict of the jury rendered against him, because the evidence introduced upon the trial and upon which the prosecution relies to sustain the jury's verdict of guilty against McFarland, in every particular of any consequence, would equally sustain a verdict finding Brown guilty. Indeed, if there be any difference in this respect, Brown's guilt comes nearer being established by the evidence, in that Brown was the one actually driving the car and primarily responsible for its driving and operation. If Brown is not guilty and the jury's verdict is conclusive on that question, then manifestly McFarland is not guilty. We think it must be so decided as a matter of law. We conclude that the judgment against McFarland must be reversed and the prosecution as against him dismissed. It is so ordered.

MITCHELL, C. J., TOLMAN, and MILLARD, JJ., concur.

BEALS, J. (concurring)—I concur in the result reached by the majority in this case, but I am satisfied that a case might arise in which the driver of an automobile could properly be acquitted of such a charge as is here presented and a person riding in the car, other than the driver, be properly convicted.