PEOPLE v RICHARDS

Docket No. 138994. Submitted August 11, 1993, at Lansing. Decided
    November 2, 1993, at 9:20 A.M.

    David A. Richards, Jr., was convicted by a jury in the Washtenaw
    Circuit Court, Patrick J. Conlin, J., of ethnic intimidation. The
    defendant appealed, challenging the constitutionality of the
    ethnic intimidation statute on First Amendment grounds.

        The Court of Appeals *held:*

        The ethnic intimidation statute does not violate the First
    Amendment guaranty of free speech, it being neither so over-
    broad as to prohibit protected speech nor so vague as to confer
    on a trier of fact unstructured and unlimited discretion to
    determine whether an offense has been committed.

        Affirmed.

CRIMINAL LAW — ETHNIC INTIMIDATION — CONSTITUTIONAL LAW —
    FREE SPEECH.

    The ethnic intimidation statute does not violate the First Amend-
    ment guaranty of free speech (US Const, Am V; MCL 750.147b;
    MSA 28.334[2]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *William F. Delhey,* Prose-
cuting Attorney, and *David A. King,* First Assis-
tant Prosecuting Attorney, for the people.

*Dan J. Dowdell,* for the defendant.

Before: HOOD, P.J., and CAVANAGH and R. J.
TAYLOR,* JJ.

PER CURIAM. On October 2, 1990, a jury con-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES
Am Jur 2d, Constitutional Law §§ 507, 511.
See ALR Index under Freedom of Speech and Press.

victed the defendant of ethnic intimidation. MCL 750.147b; MSA 28.344(2). On February 14, 1991, he was sentenced to one to two years of imprisonment. In this appeal, brought as of right, defendant challenges the constitutionality of the ethnic intimidation statute on First Amendment grounds. We affirm.

On May 7, 1990, while attempting to move out of their apartment, the victims were repeatedly threatened by their neighbor, the defendant. The threats included the following: "black mother-fucker"; "black sons of bitches"; "half-breed baby"; "[I'll] whip your black ass"; "[I'll] kill [your] nigger-loving whore." Defendant pounded on the victims' door and said that he had a gun with him and had "shot motherfuckers before." He also threatened to destroy the couple's property.

The victims made a couple of trips back and forth, and at one point the defendant, his girl friend, and another male approached the victims' vehicle. Defendant's male companion had a stick, and the victims decided to drive off after the defendant threatened to shoot them. The police arrived shortly thereafter, and defendant continued to shout racial epithets after he saw the police.

In his appeal, defendant claims that the ethnic intimidation statute is overbroad because it sweeps protected speech within its reach, is facially invalid because it has a chilling effect on others, and is vague because it does not set reasonably clear guidelines to prevent arbitrary prosecutions. We must disagree.

In our opinion, a recently released opinion of the United States Supreme Court disposes of defendant's constitutional challenge based on the First Amendment. In *Wisconsin v Mitchell*, 508 US —; 113 S Ct 2194; 124 L Ed 2d 436 (1993), a Wisconsin

"hate crimes" statute that provides for sentence enhancement was found to be constitutional. The Supreme Court opined that a defendant could be punished for a discriminatory motive because "motive plays the same role under the Wisconsin statute as it does under federal and state antidiscrimination laws," laws that have withstood constitutional attack. 124 L Ed 2d 441. Furthermore, the Court concluded that the Wisconsin statute was aimed at conduct unprotected by the First Amendment.

With respect to defendant's vagueness argument, a statute may be challenged if it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed. *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980). In this case, we find that the statute does not give the trier of fact unstructured and unlimited discretion. The statute is satisfied only when there is evidence of an underlying predicate criminal act committed because of racial animosity. These elements are very clear and definite.

Affirmed.