## PEOPLE v STEVENS

Docket No. 194685. Submitted February 4, 1998, at Detroit. Decided June 30, 1998, at 9:00 A.M.

Stanley C. Stevens was convicted by a jury in the Wayne Circuit Court, Michael J. Callahan, J., of ethnic intimidation. The defendant appealed.

The Court of Appeals *held*:

There was sufficient evidence to support the conviction. There was ample evidence that the defendant threatened, by word and act, to cause physical contact with the complainant and strong circumstantial evidence that the defendant's motive was racist. The court did not abuse its discretion in allowing the prosecution to introduce additional evidence during the redirect examination of a prosecution witness.

Affirmed.

1. CRIMINAL LAW — ETHNIC INTIMIDATION.

A person is guilty of ethnic intimidation if the person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, causes physical contact with the other person, or damages, destroys, or defaces any real or personal property of the other person, or threatens, by word or act, to do such an act, if there is reasonable cause to believe that the act will occur; the ethnic intimidation statute is satisfied only when there is evidence of an underlying predicate criminal act committed because of racial animosity (MCL 750.147b; MSA 28.344[2]).

2. TRIAL — EVIDENCE.

Decisions regarding the order and mode of presentation of evidence are within the discretion of the trial court; the court may permit a party to introduce additional evidence during the redirect examination of the party's witness (MRE 611).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research,

Training, and Appeals, and *James M. Surowiec*, Assistant Prosecuting Attorney, for the people.

*Ronald Varga*, for the defendant.

Before: SAAD, P.J., and WAHLS and GAGE, JJ.

WAHLS, J. Following a jury trial, defendant Stanley Stevens was convicted of ethnic intimidation, MCL 750.147b; MSA 28.344(2). Defendant was sentenced to sixty days in jail.[1] Defendant now appeals as of right. We affirm.

Defendant's conviction arose from an incident at a Taco Bell restaurant in the city of Wayne. On March 1, 1995, the complainant was in the restaurant with her two daughters and a friend. The complainant's cousin was the cashier at the restaurant that day. One of the complainant's daughters, a four year old, went to the counter to ask for the restroom key. At about the same time, defendant entered the restaurant and was preparing to place his order. When the little girl asked for the restroom key, the cashier told her to wait. As defendant tried to place his order, the little girl insisted that she had to use the bathroom. Defendant, apparently agitated, said "I'm trying to make an order here." However, the little girl continued to talk, chanting "I gotta pee." Defendant apparently became upset and asked the four year old to "shut the fuck up." At this point, the complainant approached defendant and told him "You don't have to talk to my daughter like that." While defendant disputes the exact wording and tone of the ensuing conversation, the complain-

---

[1] The trial court offered to suspend defendant's sentence if he paid a fine immediately after sentencing. It is not clear from the record whether defendant took advantage of this offer.

ant testified that the following exchange occurred in raised voices:

> *Defendant*: Why don't you control the bastard child then.
>
> *Complainant*: You don't have to talk to my daughter like that.
>
> *Defendant*: Well tell her to shut the fuck up.
>
> *Complainant*: She said she had to go to the bathroom, she don't have to shut the fuck up.
>
> *Defendant*: Why don't you sit the nigger child down then, you crazy ass bitch.
>
> *Complainant*: You mother-fucker.
>
> *Defendant*: I'm going to beat your ass (at this point, defendant raised his fists).
>
> *Complainant*: (raising her fists) You want to fight me?
>
> *Defendant*: I'll whip your fat ass.

Defendant apparently threw a punch, but did not hit the complainant. The complainant also testified that defendant referred to her as "crazy bitch" more than once and that he called her a "fat bitch" and a "fat ass." There was also evidence that defendant referred to the complainant as a "black bitch" and that he remarked "you people shouldn't be allowed in here." The restaurant manager eventually called the police, who came and stopped the argument.

Defendant raises two arguments on appeal. First, he argues that there was insufficient evidence to sustain a conviction of ethnic intimidation. We disagree. In determining a question regarding the sufficiency of evidence, we review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could conclude that the elements of the crime were proved beyond a reasonable doubt. *People v Moseler*, 202 Mich App 296, 297-298; 508 NW2d 192 (1993).

The ethnic intimidation statute, MCL 750.147b; MSA 28.344(2), provides, inter alia:

> (1) A person is guilty of ethnic intimidation if that person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, does any of the following:
>
> (a) Causes physical contact with another person.
>
> (b) Damages, destroys, or defaces any real or personal property of another person.
>
> (c) Threatens, by word or act, to do an act described in subdivision (a) or (b), if there is reasonable cause to believe that an act described in subdivision (a) or (b) will occur.

As a previous panel of this Court has observed, "[t]he statute is satisfied only when there is evidence of an underlying predicate criminal act committed because of racial animosity." *People v Richards*, 202 Mich App 377, 379; 509 NW2d 528 (1993).

Here, there was ample evidence that defendant threatened, by word *and* act, to cause physical contact with the complainant. In addition, defendant's act of throwing a punch at the complainant provided reasonable cause to believe that physical contact would occur. Testimony regarding defendant's words and acts also provided abundant circumstantial evidence that defendant's threat was made maliciously and with specific intent to intimidate or harass the complainant. Defendant does not appear to dispute these points. Instead, defendant argues that there was insufficient evidence to support a finding that the threat was made because of the complainant's race or gender. Defendant argues that this was simply "an argument over an unruly child which became very heated and very ugly." However, defendant's argument

ignores the strong circumstantial evidence that his motive was racist.

We recognize that, in the absence of other evidence, the fact that defendant started a heated argument over a trivial matter would probably not be sufficient to allow a jury to find defendant guilty of ethnic intimidation beyond a reasonable doubt. Here, however, defendant's words provided strong evidence of a racist motive. Defendant's use of the word "nigger," his reference to the complainant as a "black bitch," and his remark that "you people shouldn't be allowed in here" explained his otherwise inexplicable actions. Taken in the light most favorable to the prosecution, this evidence was sufficient to allow the jury to conclude that defendant was guilty beyond a reasonable doubt.

Defendant's only other argument is that the trial court improperly allowed the prosecutor to impeach her own witness. We find no merit in this contention. Defendant acknowledges that a party may impeach its own witnesses. MRE 607. However, defendant argues that the prosecutor in this case improperly introduced substantive evidence under the guise of impeachment. Defendant ignores the fact that the prosecutor never indicated that she was trying to impeach the witness. Indeed, it appears that the prosecutor was simply trying to introduce additional evidence that she had failed to elicit on direct examination:

> *Q.* We are discussing you. Did he say anything to you about your race?
>
> *A.* Not that I can recall.

*    *    *

*Q.* Did you tell the judge at the preliminary exam, I told him to shut up and then he said, "you black bitch" and I said, "yep I'm black and proud to be black"?

*A.* Yes, I did.

*Q.* Did he call you a black bitch?

*A.* Yes, he did.

Defendant never raised a hearsay objection to this evidence,[2] nor did he raise any other argument regarding the admissibility of the testimony as substantive evidence. Instead, he seemed to argue that the prosecutor's questioning went beyond the scope of the cross-examination. However, decisions regarding the order and mode of presentation of evidence are within the discretion of the trial court. MRE 611. A trial court may permit open redirect examination. See *Bates v Genesee Co Rd Comm*, 133 Mich App 738, 745; 351 NW2d 248 (1984). In light of the fact that defense counsel was given the opportunity to conduct recross-examination, we fail to see how introduction of this evidence on redirect examination was unfair to defendant.[3] Under these circumstances, we find no abuse of discretion.

Affirmed.

---

[2] Even had defendant raised such an objection, the prosecutor easily could have overcome the objection, either by (1) simply instructing the complainant to read the pertinent part of the preliminary examination transcript to herself, then asking whether it refreshed her recollection, and then asking her whether defendant called her a "black bitch" or (2) asking the complainant whether defendant called her a "black bitch" first, and, if the complainant responded in the negative, asking her about her preliminary examination testimony, see MRE 801(d)(1)(A).

[3] We cannot imagine how a party could gain any tactical advantage by waiting to introduce evidence on redirect examination.