# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CANDICE APRIL SORREIS,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2016

No. 327369
Livingston Circuit Court
LC No. 14-022310-FH

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

SERVITTO, J. (*dissenting*).

I respectfully dissent.

Under the Crime Victim's Rights Act (CVRA), when sentencing a defendant convicted of a crime, "the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." MCL 780.766(2). A "victim" is defined, for purposes of this section, as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime." MCL 780.766(1). Further, if a crime results in physical injury to a victim the order of restitution is to require the defendant to pay an amount equal to the cost of actual funeral and related expenses. MCL 780.766(4)(f).

The majority concludes that defendant's charge and conviction of leaving the scene of an accident that results in the serious impairment of a body function or death, in violation of MCL 257.617(2) did not cause the victim's death in this case, such that restitution for funeral expenses was not warranted. According to the majority, the victim did not pass away as a result of defendant's charged crime, as the evidence showed that the victim died instantly from an aortic laceration due to blunt force trauma. I hold a different view.

Under MCL 257.617(1):

> The driver of a vehicle who knows or has reason to believe that he or she has been involved in an accident upon public or private property that is open to travel by the public shall immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of [MCL 257.619] are

-1-

fulfilled or immediately report the accident to the nearest or most convenient police agency or officer to fulfill the requirements of section 619(a) and (b) . . . .

MCL 257.619, in turn, requires that the driver of a vehicle who knows or has reason to believe that he or she has been involved in an accident to:

(a) Give his or her name and address, and the registration number of the vehicle he or she is operating, including the name and address of the owner, to a police officer, the individual struck, or the driver or occupants of the vehicle with which he or she has collided.

(b) Exhibit his or her operator's or chauffeur's license to a police officer, individual struck, or the driver or occupants of the vehicle with which he or she has collided.

(c) Render to any individual injured in the accident reasonable assistance in securing medical aid or arrange for or provide transportation to any injured individual.

The primary purpose of MCL 257.617 is regulatory. *People v Goodin*, 257 Mich App 425, 430; 668 NW2d 392 (2003). "The purpose of the act includes such objectives as regulating the operation of vehicles on public highways, determining financial responsibility, and regulating use of streets and highways." *Id*. at 430, n 1, citing 1949 PA 300. In upholding the constitutionality of the predecessor statute to MCL 257.617, our Supreme Court noted:

In accepting the license from the state, one must also accept all reasonable conditions imposed by the state in granting the license. The state has seen fit to impose as such conditions the various provisions embodied in section 30. These provisions are, not only humanitarian, but obviously contribute to the mutual welfare and safety of all users of the highways. [*People v Thompson*, 259 Mich 109, 123; 242 NW 857 (1932)]

The humanitarian aspect comes into play with respect to the requirement set forth in MCL 257.619(c) and incorporated into MCL 257.617. As previously indicated, MCL 257.619(c) requires one who has been involved in an accident to "[r]ender to any individual injured in the accident reasonable assistance in securing medical aid or arrange for or provide transportation to any injured individual." In *People v Hoaglin*, 262 Mich 162, 165; 247 NW 141 (1933), defendant Hoaglin was driving a friend's car when she struck a pedestrian. The passengers exited the vehicle and felt for a pulse on the pedestrian, who was lying in the road. *Id*. at 166. Feeling none, they dragged him to the side of the road where he was discovered, dead, the next day. *Id*. Defendant Hoaglin was charged with driving a car involved in an accident resulting in injury and death and with knowingly and willfully failing to render reasonable assistance. All defendants asserted that they were guilty of no offense because they could not have rendered reasonable assistance to the pedestrian, given that he was dead. *Id*. at 168. Our Supreme Court disagreed, stating:

[I]t was not within the province of the driver or the others to determine whether or not [the pedestrian] was dead at the time the body was abandoned.

There may have been a spark of life remaining. Defendants are not physicians, and it was their duty to carry him to a physician or surgeon for medical and surgical inspection and treatment. [*Id.* at 168-169]

The more recent case of *People v Sartor*, 235 Mich App 614, 616; 599 NW2d 532 (1999) differs somewhat. In that case, the defendant was involved in a snowmobile accident where the other person involved in the accident was killed. The defendant was charged with, among other things, violation of MCL 257.617. *Id.* at 618. A panel of this Court reversed the defendant's conviction, determining that his conduct did not violate the specific language of the statute, as it was then worded. Relevant to the instant matter, while the Court noted that decedent was instantly killed and the defendant could not have realistically provided any medical assistance at the scene, it also noted that undisputed testimony had established that the defendant had remained with the decedent after the accident until an emergency medical technician had arrived. *Id.* at 621. Thus, the defendant "remained nearby in an apparent effort to provide whatever assistance he could offer. Unlike *Hoaglin,* defendant undisputedly remained available to render assistance until a qualified authority arrived." *Id.* at 622.

What I glean from the above cases is that whether the victim was dead on impact is irrelevant to one's duty to render or provide reasonable assistance in securing medical aid under MCL 257.619. It is true that the victim in this case was found to have died instantly from an aortic laceration due to blunt force trauma. It is also true that defendant did not know that at the time of leaving the scene of the accident. And, the majority's focus on the singular aspect of whether defendant had stayed to provide aid as the cause of the victim's death is, in my opinion, misplaced. Instead, I would look at the most basic factual elements; defendant was involved in an accident and but for her involvement in the accident there would be no charge and no damages for which to pay restitution. Defendant set in motion the event that led to the victim's death.

Defendant was convicted of violation of MCL 257.617, leaving the scene of an accident in which she was involved before providing her name, address, registration and driver's license information and before rendering or securing medical aid to the person she hit (MCL 257.619). Thus, in my opinion, defendant is responsible under the CVRA to pay restitution to any "victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." MCL 780.766(2).

The majority cites to *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014) and People *v Corbin*, 312 Mich App 352; 880 NW2d 2 (2015) in support of its conclusion. My conclusion is not inconsistent with these cases. *Corbin* states, "As noted by our Supreme Court in *McKinley,* Michigan's restitution statute instructs a sentencing court to 'consider the amount of the loss sustained by any victim *as a result of the offense.*' *Id.,* quoting MCL 780.767(1) (quotation marks omitted). The phrase 'as a result of' contemplates factual causation." *Corbin*, 312 Mich App at 369. Again, defendant hit the victim with her car and then left the scene without rendering or securing medical aid. Fault is not at issue in this case. Had the defendant stayed at the scene, there would be no criminal charge, and no restitution. Her leaving the scene was the final event that led to the charge, but the accident was the initial event that led to the requirement for her to stay at the accident scene in the first place. Because our Supreme Court has directed that immediate death of a victim is not a defense to the requirement of rendering or

-3-

securing medical aid, (see, *People v Hoaglin*, 262 Mich 162), the direct and natural cause of defendant's actions was the victim's death. *Corbin*, 312 Mich App, 369. I would thus have affirmed the trial court's assessment of funeral expenses under the CVRA.


/s/ Deborah A. Servitto